```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF TENNESSEE
                    WESTERN DIVISION
```

|                                   |   |                     |
|-----------------------------------|---|---------------------|
| ARTHUR JAMES DAVIS,               | X |                     |
|         Plaintiff,                | X |                     |
| vs.                               | X | No. 11-2811-STA-tmp |
| CITY OF MEMPHIS, et al.,          | X |                     |
|         Defendants.               | X |                     |

ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

On September 19, 2011, Plaintiff Arthur James Davis, a resident of Memphis, Tennessee, filed a pro se complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., accompanied by a motion seeking leave to proceed in forma pauperis. (ECF Nos. 1 & 2.) The Court issued an order on September 21, 2011, granting leave to proceed in forma pauperis. (ECF No. 4.) The Clerk shall record the defendants as the City of Memphis Department of Housing and Community Development and James Sudduth.

The Court is required to screen in forma pauperis complaints and to dismiss any complaint, or any portion thereof, if the action —

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

>   (iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in <u>Ashcroft v. Iqbal</u>, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009), and in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555-57, 127 S. Ct. 1955, 1964-66, 167 L. Ed. 2d 929 (2007), are applied. <u>Hill v. Lappin</u>, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" <u>Williams v. Curtin</u>, 631 F.3d 380, 383 (6th Cir. 2011) (quoting <u>Iqbal</u>, ___ U.S. at ___, 129 S. Ct. at 1951) (alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." <u>Iqbal</u>, ___ U.S. at ___, 129 S. Ct. at 1950; <u>see also</u> <u>Twombly</u>, 550 U.S. at 555 n.3, 127 S. Ct. at 1964-65 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would <u>ipso</u> <u>facto</u> fail to

state a claim upon which relief can be granted." Hill, 630 F.3d at 470 (internal citation omitted).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness.

Id. at 471 (internal citations & quotation marks omitted).

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams, 631 F.3d at 383 (internal quotation marks omitted). Pro se litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); see also Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks omitted); Payne v. Secretary of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming sua sponte dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); cf. Pliler v. Ford, 542 U.S. 225, 231, 124 S. Ct. 2441, 2446, 159 L. Ed. 2d 338 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants."); Young Bok Song v. Gipson, 423 F. App'x 506, 510 (6th

3

Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of pro se litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue."), petition for cert. filed (U.S. Aug. 5, 2011) (No. 11-5908).

Plaintiff alleges that Defendants discriminated against him on the basis of his disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, and under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 6201 et seq. (D.E. 1 at 2.)

Plaintiff sues James Sudduth, Housing and Community Development's Administrator of Code Enforcement. The Sixth Circuit has ruled that the legislative history, the case law, and the language of Title VII "support the conclusion that Congress did not intend individuals to face liability under the definition of 'employer' it selected for Title VII" or the ADA. Akers v. Alvey, 338 F.3d 491, 499-500 (6th Cir. 2003)(Title VII);; Wathen v. General Elec. Co., 115 F.3d 400, 406 (6th Cir. 1997)(Title VII). See also Mason v. Stallings, 82 F.3d 1007 (11th Cir.1996)(the ADA "does not provide for individual liability, only for employer liability."); Smith v. Lomax (11th Cir.1995)(board of commissioners members could not "be held liable under the ADEA or Title VII."); United States Equal Employment Opportunity Comm. v. AIC Sec. Investigations, Ltd.,

4

55 F.3d 1276, 1282 (7th Cir.1995)("individuals who do not otherwise meet the statutory definition of 'employer' cannot be liable under the ADA."). <u>Wathen</u> expressly abrogated a district court decision that imposed individual liability on an "owner/administrator" of a nursing home. <u>Wathen</u> 115 F.3d at 405 (citing <u>Kramer v. Windsor Park Nursing Home, Inc.</u>, 943 F. Supp. 844, 850 (S.D. Ohio 1996)), and noting that its previous statement in <u>Jones v. Continental Corp.</u>, 789 F.2d 1225, 1231 (6th Cir. 1986), that individuals may be held liable as "agents" of employers and therefore, were properly sued, merely recognized that an employee may be liable as a representative/agent of the employer and did not address the issue of whether under Title VII an individual might be personally liable).

The Sixth Circuit also decided that the purpose of defining an employer as a person engaged in an industry affecting commerce who has fifteen or more employees, including any agent of such person, under 42 U.S.C. § 2000e(b), is simply to incorporate respondeat superior liability into the statute and define the scope of derivative liability. <u>Wathen</u>, 115 F.3d at 406. Where the employer is a corporation or other entity that is subject to suit, a plaintiff may not directly sue an individual under Title VII. Plaintiff may not sue Sudduth individually.

Although Plaintiff alleges that he filed a charge of discrimination on July 24, 2009, and received a notice of right to sue on August 17, 2009, the attached decision is from the City of Memphis Civil Service Commission. (D.E. 1-1 at 2.) The Civil Service Commission upheld Plaintiff's termination from employment based on his job abandonment and major disciplinary infractions. (<u>Id.</u> at 3.)

Plaintiff testified that he believed he was on sick leave and should not have been required to notify anyone from the City about his absence. (Id.) The decision does not contain any claim of violation of the ADA or FMLA.

Plaintiff has not attached a charge of discrimination or any document generated by the Tennessee Fair Employment Commission or the Equal Opportunity Commission. Generally, "[i]n order for federal courts to have subject matter jurisdiction of [employment discrimination] claims, the claimant must first unsuccessfully pursue administrative relief." Ang v. Proctor & Gamble Co., 932 F.2d 540, 545 (6th Cir. 1991); see also Zipes v. Trans World Airlines, 455 U.S. 385, 393 (1982); Parry v. Mohawk Motors, Inc., 236 F.3d 299, 308 (6th Cir. 2000) (Title VII exhaustion requirements applicable to ADA claims). An aggrieved person in a deferral state such as Tennessee must file a formal charge of discrimination with the EEOC or the Tennessee Human Rights Commission within three hundred (300) days of the allegedly discriminatory action, 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d)(2),[1] and must commence a civil action within ninety (90) days of receipt of the right to sue letter, 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(e). If Plaintiff contends that his termination was motivated by his race, color, sex, religion, national origin, age, or disability, he must exhaust his administrative remedies and file his lawsuit after receiving his notice of right to

---

[1] The Supreme Court held in National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 110 (2002), that "[a] discrete retaliatory or discriminatory act 'occurred' on the day that it 'happened.' A party, therefore, must file a charge within either 180 or 300 days of the date of the act or lose the ability to recover for it."

sue. Plaintiff fails to demonstrate that he has exhausted his administrative remedies on claims arising under the ADA and any attempts to now exhaust those claims would be untimely.

Even if Plaintiff notified his employer of his intention to take leave under the FMLA, the claim cannot proceed because it is time-barred. The statute provides that "an action may be brought under this section not later than 2 years after the date of the last event constituting the alleged violation for which the action is brought." 29 U.S.C. § 2617(c)(1). Because Plaintiff was terminated on February 17, 2007, his FMLA statute of limitations commenced running an expired on February 17, 2009. Careful review of Plaintiff's complaint does not offer any excusable neglect for waiting over two years beyond the statute of limitations to file this complaint.

The Court has considered whether some other basis for federal jurisdiction is apparent from the face of the complaint. To the extent that Davis seeks judicial review of the decision by the Memphis Civil Service Commission, this Court does not have jurisdiction of the action. "Petitions for judicial review of decisions by a city or county civil service board affecting the employment status of a civil service employee shall be filed in the chancery court of the county wherein the civil service board is located." See Tenn. Code Ann. § 27-9-224(b)(2). Furthermore, it appears any such action would be untimely.

Therefore, the Court DISMISSES the Complaint for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Judgment shall be entered for Defendant.

The Court must also consider whether Plaintiff should be allowed to appeal this decision in forma pauperis, should he seek to do so. Twenty-eight U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."

Pursuant to the Federal Rule of Appellate Procedure 24(a), a non-prisoner desiring to proceed on appeal in forma pauperis must obtain pauper status. See Callihan v. Schneider, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that if a party was permitted to proceed in forma pauperis in the district court, he may also proceed on appeal in forma pauperis without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed in forma pauperis in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. Id. It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good

8

faith. It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal in forma pauperis. Leave to proceed on appeal in forma pauperis is, therefore, DENIED.[2]

IT IS SO ORDERED this _____ day of January, 2012.

S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

---

[2] If Plaintiff files a notice of appeal, he must also pay the full $455 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.